UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

UNITED STATES OF AMERICA

-v-

JOHAN CRUZ-POLANCO,

Defendant.
</td><td>

21-CR-709 (JPO)

22-CV-8935 (JPO)

<u>ORDER</u>
</td></tr>
</table>

J. PAUL OETKEN, District Judge:

Presently before the Court is Defendant Johan Cruz-Polanco's motion under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.  Defendant pleaded guilty to one count of conspiring to distribute and to possess with intent to distribute 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  On January 12, 2022, Judge John F. Keenan accepted Defendant's guilty plea as knowing and voluntary.  On May 26, 2022, Judge Loretta A. Preska sentenced Defendant to 72 months' imprisonment.  Proceeding *pro se*, Defendant moves to vacate his sentence on grounds of ineffective assistance of counsel.

I.     **Legal Standards**

Under 28 U.S.C. § 2255, an individual convicted of federal crimes may petition a court to vacate, set aside, or correct his sentence.  "[C]ollateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted).  "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established

rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). Where a petitioner is *pro se*, as is the case here, the petition is held to "less stringent standards than [those] drafted by lawyers," and a court must construe the petitioner's submissions "liberally and interpret them to raise the strongest arguments that they suggest." *Santiago v. United States*, 187 F. Supp. 3d 387, 388 (S.D.N.Y. 2016) (internal quotation marks omitted). However, *pro se* litigants are "not exempt from compliance with the relevant rules of procedural and substantive law." *Carrasco v. United States*, 190 F. Supp. 3d 351, 352 (S.D.N.Y. 2016) (internal quotation marks omitted).

In ruling on a § 2255 petition, district courts are to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the [incarcerated individual] is entitled to no relief." 22 U.S.C. § 2255(b). A hearing is also not necessary "where the allegations are vague, conclusory, or palpably incredible." *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (internal quotation marks omitted); *see also Rosa v. United States*, 170 F. Supp. 2d 388, 398 (S.D.N.Y. 2001) (no hearing necessary "where (1) the allegations of the motion, accepted as true, would not entitle the petitioner to relief or (2) the documentary record, including any supplementary submissions such as affidavits, render a testimonial hearing unnecessary.") Therefore, to obtain a hearing under § 2255, "the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez*, 722 F.3d at 131.

A petitioner asserting ineffective assistance of counsel in a § 2255 petition must establish that (1) his "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As for the first prong, a court

"must judge [counsel's] conduct on the basis of the facts of the particular case, viewed at the time of counsel's conduct, and may not use hindsight to second-guess his strategy choices." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (internal quotation marks omitted).  There is a strong presumption that counsel's conduct is within the range of reasonable professional assistance.  *See Strickland*, 466 U.S. at 689.  As for the second prong, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

Where a petitioner's claim involves a guilty plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Where a petitioner claims ineffective assistance at sentencing, he "must show a reasonable probability that, but for counsel's substandard performance, he would have received a less severe sentence."  *Gonzalez*, 722 F.3d at 130 (internal citations omitted).

## II.    Discussion

Defendant's first argument is that his counsel provided ineffective assistance by failing to "object to the indictment" and because there was no "fair connection to an underlying criminal agreement between two or more people to commit a crime."  The indictment clearly charged the Defendant with engaging in a conspiracy to distribute and to possess with intent to distribute fentanyl "[o]n or about June 5, 2021, in the Southern District of New York and elsewhere."  This tracked the language of the applicable statutes and placed Defendant on notice of the charged crime.  Defendant has shown no deficiency in the indictment and provides no reason to believe that a motion to dismiss the indictment would have had any merit.  Further, in pleading guilty, Defendant confirmed that he understood each of the elements of the crime and that he had in fact

committed the crime.  Defendant has not shown ineffective assistance on the part of his counsel with respect to the indictment or that Defendant was prejudiced by the failure to move for its dismissal.

Second, Defendant claims is that his counsel was ineffective because his counsel did not consult with Defendant about filing an appeal and failed to file an appeal after Defendant requested one.

"[I]n order to show that appellate counsel was constitutionally deficient in not filing an appeal, the petitioner must demonstrate that he asked to have an appeal filed." *McHale v. United States*, 175 F.3d 115, 119 (2d Cir. 1999).  In addition, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.  In making this determination, courts must take into account all the information counsel knew or should have known." *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000).

Defendant has failed to demonstrate that he asked his counsel to file an appeal.  He states that he orally asked his counsel to file an appeal based on alleged violations of Rule 11 of the Federal Rules of Criminal Procedure.  However, he does not substantiate any such claim, nor does he provide any specific information as to when or where he made such a request.  Defense counsel and counsel's paralegal have submitted sworn declarations stating that Defendant never asked them to file an appeal.  They have also submitted their written communications with Defendant prior to his surrender date, which do not include or suggest any request to file an appeal.  In light of this evidence and the entire record, Defendant's vague and conclusory

statement is insufficient to demonstrate that he requested an appeal or to warrant a hearing. *See, e.g., Gutierrez-Fernandez v. United States*, No. 97-CR-1173 (DAB), 2000 WL 1559945, at *3 (S.D.N.Y. Oct. 18, 2000).

Nor has Defendant shown that his counsel failed to consult with him about an appeal based on alleged violations of Rule 11. There is no plausible indication that Defendant wanted to file a direct appeal and there is no showing that there was any merit to an appeal. (*See* ECF No. 37-1 at 4 (in plea agreement, Defendant waives appeal of "any sentence within or below the Stipulated Guidelines range of 87 to 108 months' imprisonment"); ECF No. 37-2 at 15 (plea allocution transcript in which Defendant confirms his understanding of appeal waiver).) The transcript of the plea hearing confirms that Judge Keenan complied with Rule 11, ensuring that Defendant understood the nature of the charge and the terms of the plea agreement and that Defendant's plea of guilty had a factual basis.

Third, Defendant asserts that his counsel filed "no motion," "refused to aid this defendant in preparing a defense towards the accusations stated within the indictment," and "failed to investigate the government accusation that this defendant conspired to violate the narcotics law of the [U]nited [S]tates in a territorial location stated to be (elsewhere)." Defendant fails to provide an explanation of these alleged deficiencies or to show how they fell below an objective standard of reasonableness—including what motion should have been filed and how counsel failed to investigate or prepare a defense. These assertions are conclusory and therefore fail to justify relief. They are also inconsistent with Defendant's plea allocution, in which Defendant admitted that he committed the criminal conduct and that he was satisfied with his counsel's representation. (*See* ECF No. 37-2 at 17, 18.)

Finally, Defendant contends that his counsel had a "conflict of interest" and acted on "behalf of the government to aid in the prosecution" by "inducing this defendant to relin[q]uish

his rights to prepare a defense or place the government under the burden of proof beyond a reasonable doubt." This argument also fails, both because Defendant offers no support for it and because it is belied by the record of the plea allocution. The record does not provide any basis for believing that defense counsel was somehow working on behalf of the Government. To the extent that Defendant is claiming that he was "induced" to plead guilty, this is contradicted by Defendant's testimony at the plea hearing, during which Defendant expressly denied having been induced to plead guilty. (ECF No. 37-2 at 19.)

## III.   Conclusion

For the foregoing reasons, Defendant's petition for a writ of habeas corpus under 28 U.S.C. § 2255 is denied.

The Clerk of Court is directed to:

1. docket this order in both Case No. 21-CR-709 and 22-CV-8935;

2. close the motion at ECF No. 29 in Case Number 21-CR-709;

3. mark Case Number 22-CV-8935 as closed;

4. mail a copy of this opinion and order to the Defendant at the address below.

SO ORDERED.

Dated: January 22, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge

Mail to:

Johan Cruz-Polanco
#65765-509
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640