UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

JOHAN CRUZ-POLANCO,

Defendant.

---

21-CR-709 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On November 29, 2023, Defendant Johan Cruz-Polanco filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively. (*See* ECF No. 38.) "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court must first "determine the amended guideline range that would have been applicable to the defendant if" the Amendment "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). U.S.S.G. § 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the Guideline range, as amended, the defendant is ineligible for a reduction under Section 3582(c)(2). *See, e.g.*, *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

In considering a retroactive Guidelines amendment under Section 3582(c)(2), a court first determines a defendant's "eligibility for a sentence modification and the extent of the reduction authorized." *Dillon v. United States*, 560 U.S. 817, 827 (2010). If a court determines that a

defendant is eligible for a sentence reduction, a court must then consider the relevant factors in Section 3553(a) and determine "whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Id.*

Here, Cruz-Polanco is eligible for a reduction in his term of imprisonment. Cruz-Polanco pleaded guilty to one count of conspiring to distribute and to possess with intent to distribute 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Cruz-Polanco's original Sentencing Guidelines range was 87 to 108 months, and on May 26, 2022, Judge Loretta A. Preska sentenced Cruz-Polanco to 72 months of imprisonment. (*See* ECF No. 39 at 3.) Pursuant to U.S.S.G. § 1B1.10 and 18 U.S.C. § 3582(c)(2), however, Cruz-Polanco is eligible for a zero-point offender recalculation. As a result, Cruz-Polanco's offense level has been reduced by two levels, and his amended Guidelines Range is now 70 to 87 months. (*Id.*) He is therefore eligible for a sentence reduction to a term of imprisonment of 70 months, but not less than 70 months.

If the Government wishes to file a response to Cruz-Polanco's motion for a sentence reduction, it is directed to do so by February 5, 2024.

SO ORDERED.

Dated: January 22, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge

Mail to:

Johan Cruz-Polanco
#65765-509
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640