UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

JOHAN CRUZ-POLANCO,

                Defendant.

21-CR-709 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      On November 29, 2023, Defendant Johan Cruz-Polanco filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively.  (*See* ECF No. 38.)

      "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court must first "determine the amended guideline range that would have been applicable to the defendant if" the Amendment "had been in effect at the time the defendant was sentenced."  U.S.S.G. § 1B1.10(b)(1). U.S.S.G. § 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."

      In considering a retroactive Guidelines amendment under Section 3582(c)(2), a court first determines a defendant's "eligibility for a sentence modification and the extent of the reduction authorized."  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  If a court determines that a defendant is eligible for a sentence reduction, a court must then consider the relevant factors in

Section 3553(a) and determine "whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Id.*

On January 22, 2024, the Court issued an order concluding that Cruz-Polanco, who was originally sentenced to 72 months of imprisonment, is eligible for a sentence reduction under Amendment 821 to a sentence not less than 70 months. (ECF No. 41.) Specifically, the Court explained that Cruz-Polanco's original Sentencing Guidelines range was 87 to 108 months, but that his offense level has been reduced by two levels, resulting in an amended Guidelines Range now of 70 to 87 months. (*See* ECF No. 39 at 3.) The Government filed a letter response to Cruz-Polanco's motion indicating that it agreed that Cruz-Polanco is eligible for a sentence reduction and that it does not object to resentencing Cruz-Polanco to not less than 70 months' imprisonment. (*See* ECF No. 42 at 2-3.)

The Sentencing Guidelines direct that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 cmt. n.1(B)(i); *see also Dillon*, 560 U.S. at 827. Having considered all of the factors under Section 3553(a), the Court finds that a reduction to 70 months' imprisonment is warranted. While Cruz-Polanco was involved in distribution of a very dangerous drug, he also poses a low risk of recidivism. As the Probation Department observed in originally recommending a 40-month sentence, Cruz-Polanco had no prior convictions, a strong employment history, and a strong family commitment to his wife and two young children. (*See* ECF No. 13 at 19.) Cruz-Polanco also represents that he has pursued numerous educational programs and job opportunities while incarcerated. (*See* ECF No. 38 at 3-4.) For its part, the Government does not raise any reason why the relevant factors counsel against resentencing Cruz-Polanco to 70 months, and it represents that it does not object to the Court's granting Cruz-

Polanco's motion "because the Court previously determined that a comparable sentence relative to the original Guidelines range was warranted." (ECF No. 42 at 3.)

For the foregoing reasons, Cruz-Polanco's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 is granted. Cruz-Polanco is hereby resentenced to 70 months' imprisonment. The terms and conditions of supervised release shall remain as previously imposed.

The Clerk of Court is directed to close the motion at ECF No. 38 and to mail a copy of this Order to:

> Johan Cruz-Polanco
> Register No. #65765-509
> FCI Fort Dix
> P.O. Box 2000
> Joint Base MDL, NJ 08640

SO ORDERED.

Dated: March 12, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge

3